Mr. Martinez. Good morning, Your Honors. Raul Martinez for Appellants. I think I'm going to be brief. I think we've covered most of the arguments that I would set forth today, an oral argument in our briefs. I just want to make a couple of points. This is a case that's before the court on the denial of a motion to compel arbitration. We believe that the district court misapplied the parole evidence rule and the rules regarding integration of documents and used that doctrine to cancel a prior arbitration agreement. The facts in this case are in some ways relatively simple. The parties first entered into an arbitration agreement, and a year later they entered into a mediation agreement that contained an integration clause. The integration clause states this agreement is the full and complete agreement relating to the resolution of disputes covered by this agreement. Our principal problem with the court's ruling is that it's fundamental that under the parole evidence rule, you can always introduce prior or contemporaneous agreements that are consistent with the parole evidence rule. The question here is, what does this provision mean? It's not an evidentiary question, it seems to me. The parole evidence is not necessarily evidentiary. It's a substantive rule of law. Parole evidence is an evidentiary question. What kind of evidence can you introduce to interpret an agreement? It can be looked at that way, but I know the cases do say that it's a substantive matter of law. I don't think you can clause the integration clause in isolation without considering the fact that it is an integration clause and considering what an integration clause is designed to do. But why can't we just read what it says? It says this agreement is the full and complete agreement relating to the resolution of disputes, which disputes those covered by this agreement. We have another provision that says which claims are subject to mediation and agreement. Any of those, this is the whole agreement about how we're going to resolve that. Why do we need to do anything else? There's all kinds of fancy contract law in the briefs, but I don't understand why we can't just read what it says. Let's assume that that's the only clause in the contract. Then why can't we introduce the arbitration agreement? The arbitration agreement has not been canceled, has not been extinguished. It is still there. But introducing it, the fact that there was an earlier agreement doesn't get away from the fact that this thing says that this is the only agreement now that pertains to the resolution of the disputes covered by this agreement. The disputes covered by this agreement are the exact same disputes covered by the arbitration agreement. What good is it going to do to introduce the arbitration agreement? I think the distinction is that if you read the language, it says this is the full and complete agreement relating to the resolution of disputes covered by this agreement. This agreement is designed only to cover the subject of mediation. But the disputes have to be covered by this, the resolution of disputes. Which disputes? The disputes covered by this agreement. And the question is covered by this agreement, by definition, encompasses only the resolution of disputes through mediation. So if the agreement had stopped there and just said this agreement is a full and complete agreement relating to the resolution of disputes period, then it might be a better argument for the other side. But the minute that you say covered by this agreement, and by the way, the word agreement there, this agreement is defined in the mediation agreement as a mediation agreement to resolve disputes. So the entire focus of the agreement is mediation. And it doesn't go beyond that to cancel a prior arbitration agreement. What do you think the phrase covered by this agreement modifies? I think it's the resolution of disputes implicitly via mediation. That's the implication. It's not a... Not just a phrase covered by this agreement modifying. The resolution of disputes, but by implication, I think you're talking about... Not the resolution of disputes, disputes. Right, disputes covered by this agreement. Ordinarily, a phrase, it's the last modifier rule. There's a rule that says ordinarily a modifier relates to the, it's in the Scalia book about interpretation. Ordinarily, the last thing said was disputes. The last antecedent is I think what you're referring to. The last antecedent, that one, okay. So here we have disputes. Which disputes? We know the ones covered by this agreement. We have a whole provision that says which disputes are covered by this agreement. I don't understand what else it could be modifying. Because it's not the exclusive statement of what is going to be addressed by in the resolution of disputes. There's nothing in this language that says it's the exclusive agreement. And that's a very critical piece of the puzzle missing. It doesn't say anything about cancelling or extinguishing the prior arbitration agreement. So on its face, it does not exclude the introduction and consideration of the arbitration agreement. But even if we do consider the arbitration agreement, you, the mediation agreement is inconsistent with the arbitration agreement. And the mediation agreement was signed afterwards. It seems to me that someone at your client made a mistake when Ms. Garcia returned from maternity leave and gave her another dispute resolution agreement to sign, which was not the original arbitration one. If you had just handed her, if your client just handed her the same arbitration agreement again, that would prevail. Let me respond first. Whether it's handed to her by mistake is beside the point. This is what's before the court. Your client asked her to sign the mediation agreement, which is inconsistent with arbitration. It can't be both. Let me get to that point. I don't think it's inconsistent. Because the fact that the mediation agreement uses some of the same terminology covers the same claims. It covers the exact claims that are at issue here. Right. So they define dispute the same. They define claims the same. But the question is, are the two agreements inconsistent? And they're not because one of them covers mediation and the other one covers arbitration. They're not mutually exclusive. So there's no inconsistency on it. Counselor, did you draft both of these agreements? No, I did not draft any of these agreements. I don't know who drafted them. And, you know, and I question when you when you what happened here, I gather, is that you made a motion to send this to arbitration, right? Did you mediate first? I don't know if they offered to mediate or not. I don't have that critical on their own reading of this agreement. They had to have offered to mediate first. They may have offered. It's just not in the record. I mean, that would have made sense. Without being in the record, they couldn't have gone to court and said, we want to arbitrate because they had demonstrated that they need their theory. They had to have mediated first. Well, I'm not sure, first of all, that that's a condition preceding to arbitrating. I don't think it makes sense. Well, then there are mutually inconsistent. Either they are, they are. Either you read it as a provision, which I don't think you can, but if you could, it would have to be, it says first. So it would have to be that before you go do anything else, you mediate. And there's no evidence you even did that. It may be possible to do one or the other. It may be possible to forego mediation and go straight to arbitration because it may be a situation where the parties don't think mediation is useful. And there's no condition in the agreement that says that you have to offer mediation before anything happens. Yeah, there is. I mean, if you read it that way, it says you must first be submitted for non-binding mediation. Right, right. And so assuming, yeah, that's the first thing that has to happen. But what is the consequence of not doing that? Is there some kind of a waiver? I mean, the very fact that the two are not discussed together indicates that this is a superseding one. But it says it's a superseding one. I mean, that's my problem. No, it doesn't say it's a superseding agreement. It says it's a full and complete agreement. Relating to the resolution of the disputes covered by this agreement, which were the same disputes covered by the other agreement. So this is the only agreement relating to the resolution of those disputes. No, it's not because it doesn't exclude... It's not a full and complete agreement. It's the full and complete agreement. Well, full and complete is not the same as saying that it is the exclusive method to from parole evidence concepts. So that's different than saying it's the exclusive way to resolve disputes. And it doesn't say that. So I think you've got to go back and look at this as a parole evidence situation. You can't walk away from it. That's why this clause is there. So if you're going to go to the parole evidence rule, you've got to look to see if there's... All right. But I still have the... All right. So let's suppose we say, fine, bring in the other agreement. Bring it in. It doesn't help you. It doesn't do anything. It only proves there was an earlier agreement. Well, if the other agreement comes in, then I think we move to compel arbitration. It's an agreement. There's a sanctity in that agreement that you have to enforce. You can't... No, not because it's evidence. It's evidence of the fact that there was an agreement, but it's not evidence of the fact that there is currently an agreement. I disagree, Your Honor, because you have two standing agreements and you don't have any statement in the second agreement canceling the first agreement. And you can't just make agreements disappear. In particular, in California, you have the novation rule. The novation rule says if you're going to substitute one agreement for the other, then it has to be very clear. The intentions of the parties to extinguish the prior obligation under a novation has to be clearly expressed and proof of a novation must be clear and convincing. So if you're going to cancel... You've got problems with me on the novation because I don't believe you raised that below. That's a concern, but it wasn't my... It's more than a concern to me. You've waived that argument. I appreciate that, Your Honor, but novation is simply a legal way to address this problem. If they didn't raise novation either, that would have been a defense they would raise to the contract. This is not our dog in the fight. Novation is what the analytical approach should have been that applies to this case. So I don't think you have a waiver when you have what appears to be just a pure legal issue. There's no forfeiture. Do you want to reserve the rest of your time? I'll reserve the rest of my time. Thank you. Good morning, Your Honors. Sarah Toslow on behalf of Plaintiff Annapelle Claudia Garcia. May it please the court. The district court correctly decided below that the 2019 mediation agreement governs here and arbitration could not be compelled as a result. We'd ask the court... I hold the decision below for a number of reasons. First, that 2019 mediation agreement, it is a fully integrated agreement. It is the full and complete agreement covering dispute resolution of employment-related claims. And second, to the extent that the court wants to look at novation, the mediation agreement, by virtue of being a fully integrated agreement, terminated the obligations of the arbitration agreement. And then third, counsel, I was going to address this... The one that's raising the novation? No, Your Honor, that was raised in the motion to compel arbitration. And the district court also did not discuss novation. What does novation mean? So, novation is the substitute... How is it different than what was argued? I guess that's what I want to know. I'm sure, Your Honor. So, novation would be more similar to an amendment or a modification. It inserts a new obligation through a new contract into an existing one and extinguishes the prior obligation. So, the elements in order to find novation are that there's a previous valid obligation, the parties agree to a new contract that extinguishes the old obligation, and then that new agreement is valid. Because most commonly... That is what you're saying, right? I mean, it just seems to me that it's... Ordinarily, I gather the novation concept is used when you substitute parties. Yes, Your Honor, specifically creditors and debtors. But your ultimate argument is that this agreement substituted for the other one, the other one went into contract heaven or something. It doesn't exist anymore. Yes, Your Honor. Well, it's true. So, for the purposes of this court's analysis, the 2019 mediation agreement does extinguish the prior arbitration agreement by virtue of being a fully integrated agreement on the same subject. That and then integration clause is evidence of... In the novation analysis is evidence of extinguishment of an old contract. So, there is some analytical similarities between the... I'd like to ask you a couple of questions about the mediation agreement. Did either party issue the written request for mediation under paragraph seven of the mediation agreement? So, prior to the outset of the case, no. My office learned about the mediation agreement after the complaint was filed and after the defendant's counsel had requested arbitration. Nobody asked to mediate this case under the mediation agreement? Yes, at least prior to filing suit, I recall some discussion of mediation after, but I wasn't involved in those discussions. I don't believe a mediation has occurred. Well, so the arbitration... So, the district court said, no, I'm not saying this to arbitration because you have a mediation agreement. Shouldn't you be mediating these claims? I believe there was discussion of that. And yes, that would be appropriate to try to resolve them through mediation. And what happens under the mediation agreement if mediation fails? Well, if mediation fails, then those claims between the dispute between the employer and they can proceed in court, whoever has a claim. Mediation under this agreement, the parties are to essentially make a good faith effort to try to avoid the expenses of litigation and go to mediation. But as counsel conceded, that's a first step and then the claims would survive afterwards. With respect to integration, I believe that our gear at the court, that it's clear that the two contracts or that the mediation agreement, it's fully integrated. It's clear from the plain language of the contract and the disputes. The subject of the contract and the disputes covered by that contract are the employment-related disputes as outlined in the mediation agreement. Sections two and three of that contract. So I don't think it holds water to say that the focus is mediation in terms of what the subject covers under the agreement. The subject covered rather is employment-related disputes. What are we to make of the fact that, and maybe I could be wrong, but in comparing the two documents side by side, the only thing I see that's changed is the paragraph in regards to the distinction between arbitration and mediation. It's surely not the intent of everybody that you're first going to go to mediation and if mediation fails, then you're going to go to court. That just almost seems ridiculous to me. I mean, what are we to make the fact that the only thing that's changed is that paragraph involving whether you're going to mediate a claim or you're going to arbitrate a claim. It seems like they're or, not both. Your Honor, if the court is going to look at the arbitration agreement. I just put them side by side. Sure, I understand. But if the court is going to examine the arbitration agreement outside the mediation agreement, you'll see that it's not just that they've picked mediation, but there are key differences consistent with the intent to abandon arbitration between the two contracts. For instance, in the mediation agreement, there's no requirement that the mediator have certain qualifications that they stipulated for an arbitrator. There's no class action waiver in the mediation agreement. There's no purported significant differences between the two contracts and both cover employment related disputes and both have an integration clause and then the mediation agreement as the later superseding agreement clearly governs. Is it also true that, I can't quite tell, but I think it's true, that the provision on mandatory mediation, mediation agreement, number one, says except with regard to applying to a court of competent jurisdiction for temporary or preliminary injunctive relief, which specifically refers to a court and therefore the first would seem to rely, would seem to fall back to that and say before going to court. Is there any parallel sentence or phrase to that in the arbitration agreement? I don't think so. Except. I believe there is not. So there are differences. You do have to arbitrate preliminary. There's no exception with arbitrating for temporary or preliminary injunctive relief, but there is for mediation. I believe that's correct. Yes, Your Honor. What about my sort of maybe naive question of why we're arguing about a plural evidence problem here? I mean, can't we? I mean, it is useful to look at the arbitration agreement and I don't know why as an evidentiary rule we shouldn't be. In fact, we are. We're learning something. Why should, why is this an evidentiary problem about whether or not the arbitration agreement is admissible as opposed to what its status is? Well, I mean, I believe that our position is that it isn't really an issue. There is an analytical framework for determining when a contract is fully integrated. Why is that mixed up with the plural evidence one? I mean, it ordinarily is because what you're talking about is can you use language, oral decisions, oral discussions to modify what's in the written agreement. But that's not really what we're doing here. We're trying to figure out what does the oral agreement mean? And for that purpose, the Missouri agreement is to me interesting and tends to demonstrate that it is a separate and distinct and superseding agreement. But why do we want to not look at it? Well, I think you don't need to look at the arbitration agreement because it's a full and complete agreement relating to the employment related disputes. You can look at it at the arbitration agreement to determine that they, or to confirm the determination that the mediation agreement is a fully integrated agreement. I don't, you know, once you make that determination, you don't need to go any further in examining the arbitration and admitting it. Suppose the arbitration agreement had said, if any greater agreement is made to mediate, it will not supersede this agreement. It will simply be, you have to vote. We wouldn't have to know that? It doesn't say that. I suppose it says that. It doesn't say that. Well, Your Honor, if it had said that, or I think there's a fundamental problem in that if defendants had wanted to preserve arbitration, they should have said so in the mediation agreement or drafted the arbitration agreement in the manner that you're perhaps suggesting. They might have a better argument in your hypothetical that the mediation agreement is not fully integrated. Now, whether that is ultimately admitted as evidence, it would have to be considered in considering whether it's a fully integrated agreement. If there are no other questions, I would respectfully request that the court affirm the district court's decision below. All right. Thank you, counsel. Mr. Martinez. Yes. Just to address Judge Berzon's initial question and why we're even looking at the parole evidence rule, I would just suggest to look at code of seal procedure section in 1856 A, which states what the parole evidence rule is. And it says, terms set forth in a writing intended by the parties as a final expression of their agreement with respect to the terms included therein may not be contradicted by evidence of a prior agreement or of a contemporaneous oral agreement. Your argument is that the earlier agreement doesn't contradict it. Yeah. Yeah. So what I'm saying is the earlier agreement and decide that, well, it doesn't look at this case. It's just looking at the agreement and saying, what does it say? No, I'm saying is that the roads have to travel through 1856 of the code of seal procedure. You can't avoid it. And if you do that, then you're talking. All right. So then if we look, if we say the parole evidence rule doesn't apply and we're going to look at the earlier arbitration agreement, I don't see how it helps. I mean, it's a different agreement, for example, doesn't have the provision about accepting temporary straining orders and plenary injunctions. It has different agreements in different ways. And I don't know how it helps. It's just not, it's not inconsistent on the very central term in that it talks about mediation. Okay. Now we're looking at it and we're trying to find out whether a mediation agreement supersedes it. And I don't see how it informs that question or if it doesn't form in the direction of confirming that. Well, if you look at the language of 1856, it talks about whether you can contradict the prior purposes of whether you can look at the agreement. So we're looking at it. Let's look at it. You look at the agreements. I don't see how it helps. No, no. And I'm, I don't think admissibility is, is the issue because parole evidence rule is a rule of substantive law. It doesn't say it's not admissible under 1856A. It says it can't be contradicted. That makes it a rule of substantive law and the cases say that. So I would say from an analytical standpoint, I think you have to look at the parole evidence rule and not just that one sentence in isolation, but that's all I'm saying, Your Honor. All right. Thank you, counsel. Garcia versus Facilities Services, Inc. will be submitted. And this session of the court is adjourned for today. Thank you very much, counsel. Thank you, Your Honor.
judges: Baldock, Wardlaw, Berzon